## Cavanna, Appellant, *v.* Tri-State Coöperative Association.

*Corporations—Coöperative associations — Purchases — Credit— Disability—Notice.*

Although coöperative associations, organized under the Act of June 7, 1887, P. L. 365, cannot purchase for credit, and the act provides that credit extended such an association shall be forfeited, the disability cannot be set up by an association to defeat the just claim of one of its creditors, who has had no notice thereof.

*Words and phrases—"that" construed to mean "if only," "so long as," "provided"—Act of June 7, 1887, P. L. 365.*

The word "that" preceding the words "a notice to such effect" carries with it the proviso and introduces a qualification of the preceding part of the expressed proviso. It should be construed to mean "if only," "so long as," "provided." So read, the forfeiture of credit under the Act of June 7, 1887, P. L. 365, becomes operative to the benefit of only such associations organized under the act as publish notice of their disability, and the resulting forfeiture as directed by the act.

Argued April 28, 1921. Appeal, No. 103, April T., 1921, by plaintiff, from order of C. P. Allegheny County, Jan. T., 1921, No. 458, directing judgment for defendant in the case of Elmer R. Cavanna, trading as V. L. Cavanna Company, v. Tri-State Coöperative Association. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Petition to the Common Pleas of Allegheny County for an appeal from the county court. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

The court made an order directing that the case be returned to the county court with directions to enter judgment for the defendant. Plaintiff appealed.

*Error assigned* was the order of the court.

*W. D. N. Rogers,* and with him *O. S. Richardson,* for appellant.—The Act of 1887 in so far as it creates an immunity from liability for debt is in derogation of the common law and one seeking its benefits must show that he has complied to the last detail with its requirements: Stack v. German Catholic Press Co., 230 Pa. 127.

*James J. Marshall,* for appellee.—The act itself is notice to every one doing business with a coöperative association as to its powers and limitations: Yeagley v. Lancaster Coöperative Assn., 26 Lanc. L. R. 28; Bendall, Rankin & Co. v. Jackson et al., 11 County Ct. 183. The requirement of the act as to notice is merely directory: McQuiston's Adoption, 238 Pa. 304.

OPINION BY HENDERSON, J., July 14, 1921:

The defendant is a corporation organized under the Act of June 7, 1887, P. L. 365, which authorizes the formation of coöperative associations for the purpose of carrying on any agricultural, horticultural, mining, quarrying, building, mechanical, manufacturing or commercial business, or for the purpose of manufacturing, cultivating, raising, trading or dealing in all kinds of goods, wares, merchandise, chattels, grain, vegetables, roots, foods and other produce, or animals for sale, food or other purposes or for the purpose of buying, selling, holding, leasing or improving lands, tenements or buildings. The persons so associating are authorized to adopt any corporate name not previously adopted by any other corporation, but are required to use the words "co-operative association" as the last two words of the name. The plaintiff is engaged in business in Philadelphia.

The principal office of the defendant is in Washington County, Pennsylvania, but its place of business is Pittsburgh. It bought from the plaintiff eight bags of lima beans on ten days' time. Judgment having been entered in favor of the plaintiff by the county court, an appeal was taken to the court of common pleas, in which latter court on consideration of the case, an order was entered that it be returned to the county court with direction to enter judgment for the defendant on the whole record. The defense presented in the court of common pleas was that the defendant was prohibited by the act under which it was organized from either giving or taking credit, and that any credit given in violation of the provisions of the act caused a forfeiture of the credit. The case turns on the construction given to the second proviso of the 8th section of the act. It provides that any such association may buy from, sell to, and trade or deal with any of its members or other persons, partnerships or corporations, but all transactions shall be for cash and no credit shall either be given or taken, except that such association may contract for weekly payments for wages and salaries of its employees, and may sell real estate on credit as to a limited amount of the purchase money. The section contains the proviso that such association may take or grant leases of real estate under certain conditions. The second proviso is in the form following: "And provided further, that any credit given to any such association in violation of the provisions of this act, shall cause a forfeiture of any such credit thus illegally given, and that a notice to such effect shall be published by such association on its letter and billheads, advertisements and other publications." It is clear that with respect to the first proviso it contains a qualification of the general restriction of the section against giving credit and is strictly a proviso used here not to create a condition, but by way of qualification of the preceding limitation. The second proviso contains two clauses— the first relating to the forfeiture of the credit illegally

given; and the second to the publishing by the association on its letter and billheads, advertisements, and other publications of its disability to contract debts. Whether this proviso be considered a condition or a qualification, or whether the word "provided" is used merely as a conjunction to associate a new subject with that which precedes it, we think the two members of the proviso should be read together, and that the last clause relating to notice is not independent of the preceding member of the proviso. The word "that" preceding the words "a notice to such effect" carries with it the proviso and introduces a qualification of the preceding part of the expressed proviso. It should be construed to mean "if only," "so long as," "provided." So read, the forfeiture clause would become operative when a notice to such effect had been published as directed. It was not necessary to repeat the word "provided" in the second clause to produce a qualification of the forfeiture proviso. It requires no stretch of grammatical accuracy to so construe the language used. It is admitted that the defendant did not publish on its letter and billheads, advertisements, and other publications, its incapacity to contract debts on credit. When we consider the exemption which the statute gives such associations, there is a manifest propriety in providing for some sort of notice to the public of a fact which is peculiar to it and not to any other person or corporation. Nothing in the name of the defendant gives notice of the state in which it was formed, or the character of its business. The statute, to be sure, requires that the last two words of the name shall be "cooperative association," but these words give no intimation of the inability of such an organization to become liable for its undertakings in the ordinary course of business. It must have occurred to the legislature that there should be such information given as would put the unsuspecting public on notice when about to deal with such a party; and reading the second proviso in its entirety, we think the forfeiture clause can only be en-

forced when the associated requirement of publication has been complied with.  The defense set up is in derogation of the common law and strict compliance with all of the terms of the statute should be imposed before it can be taken advantage of to support such an exceptional disability.  We are constrained to sustain the assignment of error.

The judgment is reversed with a procedendo.